LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
GREAT EASTERN SHIPPING CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

GREAT EASTERN SHIPPING CO. LTD.,

                                          Plaintiff,

        - against -

PHOENIX SHIPPING CORPORATION,

                                          Defendant.
---------------------------------------------------------------X

**ECF CASE**

07 CIV 8373

## VERIFIED COMPLAINT

Plaintiff GREAT EASTERN SHIPPING CO. LTD. ("GREAT EASTERN"), by

its attorneys, Lyons & Flood, LLP, as and for its Verified Complaint against defendant,

PHOENIX SHIPPING CORPORATION, alleges upon information and belief as follows:

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure and the action falls within the Court's subject

matter jurisdiction pursuant to 28 USC §§ 1331 & 1333.  Subject matter jurisdiction also

exists because the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal

Arbitration Act, 9 USC § 1 *et seq.*

        2.      At all material times, plaintiff GREAT EASTERN was and still is a

corporation organized and existing under the laws of a foreign country, and was the

owner of the M/V JAG RAVI ("the Vessel").

3.    Upon information and belief, at all material times, defendant PHOENIX

SHIPPING CORPORATION was and still is a corporation organized and existing under

the laws of the State of Delaware, with a registered office at Suite 400, 2711 Centreville

Road, Wilmington, Newcastle, Delaware, but which to plaintiff's information and belief

is occupied by an entity called Corporate Services Company, which is a company which

conducts registration agency services for companies registered in Delaware.  Defendant

PHOENIX SHIPPING CORPORATION cannot be found within this District within the

meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims and has

tangible or intangible property within this District.

4.    By an amended NYPE form time charter as evidenced by a recap dated

May 13, 2007, (the "Charter Party"), defendant PHOENIX SHIPPING CORPORATION

("PHOENIX") time chartered the Vessel from plaintiff GREAT EASTERN for a single

time charter trip for a period of about forty-five to sixty days for the carriage of a variety

of cargoes with a then present intent of a voyage from North China to Turkey or the

Eastern Mediterranean.

5.    The Vessel was delivered to PHOENIX on or about May 13, 2007, in

Guangzhou, China.

6.    Upon information and belief, PHOENIX in turn, sub-chartered the Vessel

to a third-party charterer.

7.    At PHOENIX's directions, on or about May 24, 2007, cargoes of steel

products, bagged ferro silicon, bagged graphite, bagged bauxite, and on deck cargoes

were loaded aboard the Vessel in the port of Tianjin, China.  Additional cargoes were

loaded aboard the Vessel in Qingdao, China from about June 2, 2007.

8.     On or about June 5, 2007, the Vessel proceeded on its voyage to the discharge ports of Limassol, Cyprus, Diliskelesi, Turkey, and Novorossiysk, Russia.

9.     The Vessel arrived at Diliskelesi on about 14 July 2007.  Discharge at Diliskelesi commenced on or about 18 July 2007.  During discharge at Diliskelesi, cargo receivers sought security from GREAT EASTERN for alleged damage to certain cargoes (the "Diliskelesi cargo").  To date, the total amount of claims notified with regard to the Diliskelesi cargo is $2,412,141.32.  Plaintiff reserves the right to amend the allegations set forth herein if and when additional claims are asserted in regard to the cargo discharged at Diliskelesi.

10.     In response to the Diliskelesi cargo claims, GREAT EASTERN provided security in the form of Letters of Undertaking issued by its Protection and Indemnity Club ("Club LOU").  To date, the amount of security provided for the Diliskelesi cargo is $2,410,851.32.  Plaintiff reserves the right to amend the allegations set forth herein if and when additional security is provided in regard to the cargo discharged at Diliskelesi.

11.     Upon information and belief, plaintiff anticipates that proceedings will be brought against GREAT EASTERN by cargo receivers in Turkey with regard to the alleged Diliskelesi cargo damage.

12.     The Vessel arrived at Novorossiysk in early August 2007 and commenced discharge on or about 6 August 2007.  During discharge at Novorossiysk, Russia, additional allegations of cargo damage were made against GREAT EASTERN (the "Novorossiysk cargo").  To date, the total amount of claims notified with regard to the Novorossiysk cargo is approximately $3,000,000.00.  Although no security has been issued yet with respect to the Novorossiysk cargo, upon information and belief, security

- 3 -

may have to be provided soon by GREAT EASTERN with respect to the Novorossiysk cargo claims. Plaintiff reserves the right to amend the allegations set forth herein if and when additional claims are asserted in regard to the cargo discharged at Novorossiysk and/or security is provided in regard to the cargo discharged at Novorossiysk.

13.     Upon information and belief, plaintiff anticipates that proceedings will be brought against GREAT EASTERN by cargo receivers with regard to the alleged Novorossiysk cargo damage.

14.     Upon information and belief, the alleged damage to the Diliskelesi and Novorossiysk cargoes was caused by PHOENIX's negligent loading of these cargoes.

15.     Upon information and belief, the alleged damage to the Diliskelesi and Novorossiysk cargoes was caused by PHOENIX's negligent stowage of these cargoes.

16.     Upon information and belief, the alleged damage to the Diliskelesi and Novorossiysk cargoes was caused by PHOENIX's negligent discharge of these cargoes.

17.     Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but upon information and belief, PHOENIX has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees.

## COUNT ONE

18.     Plaintiff GREAT EASTERN repeats and realleges the allegations stated in paragraphs 1 through 17 of the Verified Complaint as if set forth more fully herein.

19.     Clause 41 of the Charter Party incorporates the NYPE Interclub Agreement 1996 ("Interclub Agreement") under which liability for cargo claims as

between plaintiff GREAT EASTERN and defendant PHOENIX are to be apportioned and settled in accordance with a defined schedule. Pursuant to this schedule, defendant PHOENIX, as charterer of the Vessel, shall be 100% liable for cargo claims arising out of the loading, stowage, lashing, discharge, or other handling of cargo, unless the cargo claims arise out of the unseaworthiness of the Vessel. The alleged cargo claims did not arise out of the unseaworthiness of the Vessel. Under the Interclub Agreement, the term "cargo claims" has been defined to include (a) loss, damage, or shortage to cargo and (b) all legal, Club correspondents' and experts' fees and costs reasonably incurred in the defense of the cargo claims.

20.    Since liability under the Interclub Agreement for the alleged cargo claims is, as per the defined schedule, the full and sole responsibility of PHOENIX, GREAT EASTERN is entitled to seek recovery under the Interclub Agreement from defendant PHOENIX for the full amount of the alleged loss, damage, and shortage to the cargo and all legal, Club correspondents' and experts' fees and costs reasonably incurred in the defense of the cargo claims.

## COUNT TWO

21.    Plaintiff GREAT EASTERN repeats and realleges the allegations stated in paragraphs 1 through 20 of the Verified Complaint as if set forth more fully herein.

22.    Pursuant to the Bagged Cargo Clause of the Charter Party, cargo claims arising as a consequence of loss, shortage and/or damage to bagged cargo are to be settled directly by PHOENIX without recourse against or indemnity from GREAT EASTERN, unless the cargo claims arise out of the unseaworthiness of the Vessel. The alleged claims for the bagged cargo did not arise out of the unseaworthiness of the Vessel.

23.    Defendant PHOENIX has wrongfully, and in breach of the Charter Party, refused to settle the claims for alleged damage to bagged cargo.

24.    As a result of this breach, plaintiff GREAT EASTERN has incurred the expenses and costs of handling the bagged cargo claims and arranging for and posting of security for these claims.

**COUNT THREE**

25.    Plaintiff GREAT EASTERN repeats and realleges the allegations stated in paragraphs 1 through 24 of the Verified Complaint as if set forth more fully herein.

26.    Defendant PHOENIX has wrongfully deducted charter hire, due and owing to GREAT EASTERN, with respect to (a) an alleged period of delay occasioned by the presentation of an incorrect cargo manifest to the Master on arrival in Turkey and (b) alleged delays caused by GREAT EASTERN's refusal to permit discharge from the holds using two cranes at Diliskelesi. Defendant PHOENIX is claiming deductions from hire in the amount of (a) $77,049.12 and (b) $101,532.93 respectively.

27.    Defendant PHOENIX has wrongfully, and in breach of the Charter Party, failed to pay $178,582.05 in hire payments due and owing to plaintiff GREAT EASTERN.

**COUNT FOUR**

28.    Plaintiff GREAT EASTERN repeats and realleges the allegations stated in paragraphs 1 through 27 of the Verified Complaint as if set forth more fully herein.

29.    Pursuant to Clauses 8 and 59 of the Charter Party, all bills of lading are to be issued in conformity with the Mate's Receipts, are to be consistent with the terms of the Charter Party, and any consequences or liabilities of failure to adhere to the remarks

in the Mate's Receipts or consequences or liabilities arising from any inconsistencies between the Charter Party and any bills of lading or waybills are to be borne by PHOENIX.

30.    PHOENIX wrongfully and in breach of Clauses 8 and 59 of the Charter Party issued bills of lading which were not in conformity with the Mate's Receipts and issued more than one set of bills of lading, on different terms.

31.    As a result of these breaches, plaintiff GREAT EASTERN may incur liability with respect to the alleged cargo damage.

32.    Plaintiff reserves the right to claim for losses and damages resulting from defendant PHOENIX's breach of Clauses 8 and 59 of the Charter Party and to request security for any such losses and damages that may arise.

33.    Pursuant to Clause 17 of the Charter Party, disputes between plaintiff GREAT EASTERN and defendant PHOENIX are subject to English law and London arbitration.

34.    Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

35.    Plaintiff GREAT EASTERN hereby demands:

    (a) Payment of (a) $2,410,851.32 as security for the cargo claims asserted in Turkey. Plaintiff reserves the right to amend the demand herein if and when additional security is provided in regard to the cargo discharged at Diliskelesi, Turkey and if and when security is provided in regard to the cargo discharged at Novorossiysk, Russia;

    (b) Payment of $178,582.05 for charter hire due and owing to plaintiff

GREAT EASTERN and wrongfully deducted by defendant;

(c) Payment of $750,000.00 to cover interest on the amounts in sub-paragraph (a) and (b). Plaintiff reserves the right to amend the demand herein if and when the amounts in sub-paragraphs (a) and (b) are amended and if and when the interest on those claims increases over time;

(d) Payment of $500,000 to cover the legal fees and costs in connection with the London arbitration (recoverable under English law). Plaintiff reserves the right to amend the demand herein if and when the legal fees and costs increase over time; and

(e) Payment of $250,000.00 to cover the anticipated legal fees and costs in connection with the defense of the cargo claims pending or expected to be pending in Turkey, including the costs of the surveyors retained by plaintiff (recoverable in the London arbitration under English law). Plaintiff reserves the right to amend the demand herein to include additional legal fees and costs in connection with the defense of the cargo claims anticipated in Turkey and/or Russia, including the costs of the surveyors retained by plaintiff (recoverable in the London arbitration under English law).

WHEREFORE, plaintiff GREAT EASTERN prays that:

a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant, citing it to appear and

answer under oath all and singular the matters alleged;

b.      since defendant cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to plaintiff GREAT EASTERN, in the amount of $4,089,433.37 to secure plaintiff GREAT EASTERN's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c.      this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.      judgment be entered by this Court enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

e.      plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: September 26, 2007

LYONS & FLOOD, LLP
Attorneys for Plaintiff
GREAT EASTERN SHIPPING CO. LTD.

By: _____

Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2563036\Pleadings\Phoenix Delaware Verified Complaint 26.09.07.DOC

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff GREAT EASTERN SHIPPING CO. LTD. in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff GREAT EASTERN SHIPPING CO. LTD. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:    September 26, 2007

_____
Kirk M. Lyons

U:\kmhldocs\2563036\Pleadings\Phoenix Delaware Verified Complaint 26.09.07.DOC