LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
GREAT EASTERN SHIPPING CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GREAT EASTERN SHIPPING CO. LTD.,                    **ECF CASE**

                                    Plaintiff,

        - against -                                 07 Civ. 8373 (DLC)

PHOENIX SHIPPING CORPORATION
and PHOENIX SHIPPING PTY LTD.,

                                    Defendants.
-------------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE

       1.     I am an attorney at law and a member of the firm of Lyons &

Flood, LLP, attorneys for the plaintiff GREAT EASTERN SHIPPING CO. LTD. ("Great

Eastern"). I have personal knowledge of the facts contained herein, unless otherwise

stated upon information and belief. This Affirmation is respectfully submitted in support

of Great Eastern's response to the Court's Order to Show Cause dated October 17, 2007.

(Plaintiff respectfully requests the Court to accept this Affirmation in response in lieu of

both an Affirmation and Memorandum of Law in response.)

       2.     On October 17, 2007, the Court issued the following Order, which

states in part:

            ORDERED that plaintiff show cause why the following order
            should not issue:

It is hereby ORDERED that Great Eastern Shipping Co. Ltd. shall, in cases where the parties are governed by the Inter-Club New York Produce Exchange Agreement of 1996 and the law of England, in any application for ex parte relief based on a contingent indemnity claim, bring to the court's attention the split of authorities in the Southern District of New York concerning the viability of plaintiff's application for maritime attachment.

(A copy of the Court's October 17, 2007, Order is attached as Exhibit A).

3.     For the following reasons, Great Eastern respectfully requests the Court to (a) not issue the foregoing quoted Order or, alternatively, (b) issue such an Order directed to Kirk M. Lyons, plaintiff's attorney of record in this action, rather than to plaintiff.

4.     Defendants rely principally on three decisions out of the Southern District of New York in support of their argument that plaintiff does not have a valid *prima facie* maritime claim against them.  The argument is that the third-party cargo claims in COUNT I of the Amended Verified Complaint which are based on indemnity claims under the Inter-Club Agreement are not ripe under English law and, therefore, will not support a valid *prima facie* maritime claim under Rule B.  The decisions are:  T&O Shipping Ltd. v. Lydia Mar Shipping Co., S.A., 415 F. Supp. 2d 310 (S.D.N.Y. 2006); Bottiglieri di Navigazione S.p.A. v. Tradeline LLC, 472 F. Supp. 2d 588 (S.D.N.Y. 2007); and Sonito Shipping Co. Ltd. v. Sun United Maritime Ltd., 478 F. Supp. 2d 532 (S.D.N.Y. 2007).  (I understand plaintiff's direct off hire claims were not the subject of defendants' motion to vacate and the attachment order was reinstated by Order dated October 17, 2007, as to the direct off hire claims.)

5.     The T&O Shipping case was decided in January 2006.  In that case, Judge Scheinlin held applying English law under factual circumstances similar to

those in this action that plaintiff there had not made a *prima facie* showing that it had a

maritime claim against the defendant for indemnity since the third-party claims against

plaintiff had not yet been resolved.  <u>Id.</u> at 316.

      6.    The <u>Bottiglieri</u> case was commenced on May 15, 2006, and

decided in February 2007.  Counsel for defendants herein was counsel for the defendant

in the <u>Bottiglieri</u> case.  Neither the Verified Complaint nor the Rule B(1) Affidavit filed

in the <u>Bottiglieri</u> case contained any reference to the <u>T&O Shipping</u> decision or any other

authority either in favor or against any of the indemnity claims there.  (Copies of the

Verified Complaint and Rule B(1) Affidavit from the <u>Bottiglieri</u> case are attached as

Exhibit B).  In July 2006, defendant moved to vacate the attachment on the basis, *inter*

*alia*, that the indemnity claims were not ripe and could not support a Rule B attachment.

(Copies of the docket sheet and memorandum of law in support of the motion to vacate

from the <u>Bottiglieri</u> case are attached as Exhibit C).

      6.    The <u>Sonito Shipping</u> case was commenced on December 19, 2006,

and decided in March 2007.  Counsel for defendants herein was counsel for plaintiff in

the <u>Sonito Shipping</u> case.  Neither the Verified Complaint nor the Rule B(1) Affidavit

filed in the <u>Sonito Shipping</u> case contained any reference to the <u>T&O Shipping</u> decision

or any other authority either in favor or against any of the indemnity claims there.

(Copies of the Verified Complaint and Rule B(1) Affidavit from the <u>Sonito Shipping</u> case

are attached as Exhibit D).

      7.    I have handled one other case with counsel for defendants in this

action in which an indemnity claim subject to English law and the Inter-Club Agreement

was asserted.  In <u>Nats Emperor Shipping Ltd. v. Cargo-Levant Schiff. Mbh</u>, 06 Civ. 6309

(GEL), plaintiff, represented by counsel for defendants herein, commenced the action on

August 18, 2006. The underlying cargo claims were settled by defendant before a motion

to vacate was filed. Neither the Verified Complaint nor the Rule B(1) Affidavit filed in

the Nats Emperor case contained any reference to the T&O Shipping decision or any

other authority either in favor or against any of the indemnity claims there. (Copies of

the Verified Complaint and Rule B(1) Affidavit from the Nats Emperor case are attached

as Exhibit E.)

        8.     As the Court will note, in each of the foregoing cases, Bottiglieri,

Nats Emperor, and Sonito Shipping, neither the Verified Complaint nor the Rule B(1)

Affidavit filed in those cases contained any reference to the T&O Shipping decision or

any other authority either in favor or against any of the indemnity claims there. I am not

being critical of any of the pleadings filed in those cases. I merely point out what is the

apparent practice in regard to asserting indemnity claims in these circumstances.

Undoubtedly, there have been other such Rule B actions filed given that there are

approximately ten to twelve Rule B actions filed every week over the past year and a half

or so or perhaps over an even longer period of time.

        9.     Plaintiff relies principally on Judge Hellerstein's decision in

Navalmar (U.K.) Ltd. v. Welspun Gujarat Stahl Rohren, Ltd., 2007 U.S. Dist. LEXIS

29789 (S.D.N.Y. 2007) in support of its position that it does have a valid *prima facie*

maritime claim based on the indemnity cargo claims under circumstances where the

claim is subject to English law and the Inter-Club Agreement. The Navalmar case was

filed on January 17, 2007, before the Bottiglieri and Sonito Shipping decisions had been

issued. At the time the motion to vacate the attachment was briefed in the Navalmar

case, I was not aware of the fact that security had been provided to third-parties by plaintiff in the <u>Sonito Shipping</u> case. That plaintiff in the <u>Sonito Shipping</u> case had provided security to third-parties was not known to me until defendants filed their motion to vacate in this action. The issuance of security by plaintiff was one of the main distinguishing features found by Judge Hellerstein between the <u>Navalmar</u> case and the <u>Sonito Shipping</u> and <u>Bottiglieri</u> decisions.

10.    As noted in ¶ 9, I was not aware at the time this action was filed that in the <u>Sonito Shipping</u> case, plaintiff had provided security to the third-party cargo claimants. The <u>Sonito Shipping</u> decision itself does not make reference to any security having been provided by plaintiff. (Nor does the <u>Bottiglieri</u> decision make reference to security having been provided by plaintiff there.) As a result, at the time this action was filed, I believed there was a good faith basis based on the <u>Navalmar</u> decision to distinguish as Judge Hellerstein had the present action where plaintiff had provided security to the third-party cargo claimants from the <u>Sonito Shipping</u> and <u>Bottiglieri</u> cases.

11.    In light of the apparent practice in cases involving indemnity claims arising under English law and the Inter-Club Agreement and the good faith basis to assert that indemnity claims do constitute valid *prima facie* maritime claims under Rule B under the <u>Navalmar</u> decision, I respectfully request that the Court not issue the foregoing Order that would require plaintiff Great Eastern in future such cases to "bring to the Court's attention the split of authorities in the Southern District of New York concerning the viability of plaintiff's application for maritime attachment."

12.    Further, in the event the Court intends to issue such an Order, I respectfully request that the Order be directed to the undersigned rather than plaintiff

- 5 -

Great Eastern.  Plaintiff brought this action and asserted the indemnity claims based on the advice of the undersigned.  If any sanctions should result from doing so, the sanctions should be directed towards counsel and not the plaintiff who acted on my advice.


       The foregoing is true and correct to the best of my knowledge under the penalty of perjury.


Dated: November 2, 2007

                                         Kirk M. Lyons (KL-1568)

U:\kmhldocs\2563036\Pleadings\response to order to show cause.DOC

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 2nd day of November 2007, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005

Attn.: Michael E. Unger, Esq.

_____
Kirk M. Lyons

U:\kmhldocs\2563036\Pleadings\response to order to show cause.DOC

- 7 -