# EXHIBIT B

HEALY & BAILLIE, LLP
Attorneys for Plaintiff
BOTTIGLIERI DI NAVIGAZIONE SPA
61 Broadway
New York, New York 10006
(212) 943-3980
Thomas H. Belknap, Jr. (TB-3188)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOTTIGLIERI DI NAVIGAZIONE SPA<br><br>Plaintiff,<br><br>-against-<br><br>TRADELINE LLC,<br><br>Defendant. | Docket No.: 06 Civ.<br><br>**VERIFIED COMPLAINT**<br><br> |

Plaintiff, BOTTIGLIERI DI NAVIGAZIONE SPA, ("Plaintiff"), complaining of the Defendant, TRADELINE LLC, ("Defendant") by its attorneys, Healy & Baillie, LLP, alleges upon information and belief:

1. This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Fed. R. Civ. P. Rule 9 (h).

2. Plaintiff is an Italian corporation with its principal office and place of business in Italy and with no office or place of business within this judicial district.

3. Defendant is a corporation organized and existing under the laws of the United Arab Emirates with its principal place of business at Office No. 839, 8th Floor, Office Towers, Al Ghurair City, Dubai, United Arab Emirates, and with no office or

place of business within this judicial district.

4.  By charter party dated on or about February 9, 2001 (the "Headcharter"), Plaintiff chartered the ocean going cargo vessel M/V KAVO DELFINI (the "Vessel") from her owner (the "Headowner").

5.  By charter party dated January 26, 2001 (the "Charter"), Plaintiff, as disponent owner, sub-chartered the vessel to Defendant, as the charterer.

6.  Pursuant to the Headcharter and the Charter, during the period of March 1 to March 30, 2001 the Vessel called at the ports of Gral Lagos and Parangua and loaded a cargo of corn and soya bean meal in bulk for carriage to B.I. Khomeini. The Vessel arrived at the discharge port on or about April 29, 2001.

7.  At discharge, cargo receivers alleged that a portion of the corn cargo was outturned in damaged condition. Cargo receivers consequently detained the Vessel at the discharge port and released the Vessel only upon the provision of security by the Headowner. The cargo receivers subsequently asserted a claim against the Vessel and the Headowner seeking recovery for alleged cargo damage.

8.  On or about October 8, 2001, Headowner commenced arbitration in London against Plaintiff. Although formal submissions have not been made, Headowner claims that Plaintiff is liable to it for the principal amount of US$1,829,003.19, which it breaks down as follows:

> a.  US$1,256,030.08 indemnity for amounts it allegedly paid to cargo interests to settle the above-referenced cargo claim;
>
> b.  US$36,837.27 for demurrage allegedly incurred at the loadport;

    c.    US$78,122.88 for demurrage allegedly incurred at the discharge port;

    d.    US$124,208.33 for alleged detention damages;

    e.    US$139,251.52 and GBP£69,110.95 (approximately USD$128,755.50) for costs allegedly associated with Plaintiff's alleged breach of the Headcharter;

    f.    US$65,797.61 for alleged increase in cost of headowner's insurance calls from its protection and indemnity underwriter as a consequence of the above-referenced cargo claim;

9.    Headowner claims interest on the above amounts based on "LIBOR," or the London Inter-Bank Offer Rate, plus 2.5%, compounded quarterly, commencing as of approximately mid-2001. While Headowner has not quantified this claim to date, it is conservatively estimated that this claim will amount to at least US$750,000 by the conclusion of the arbitration proceedings between Headowner and plaintiff.

10.   Headowner further claims for its attorneys' fees and costs incurred in connection with its claims against Plaintiff in the arbitration. While Headowner has not quantified this claim, it is conservatively estimated that this claim will amount to at least GBP£40,000 (approximately US$74,521.04) by the conclusion of the arbitration proceedings between Headowner and plaintiff.

11.   Taken together, the aforesaid sums amount to a total claim by Headowner against Plaintiff in the sum of **US$2,653,524.23**.

12.   Pursuant to the Charter and/or as a consequence of Defendant's breach thereof, Defendant is liable to indemnify Plaintiff for all amounts claimed against it by Headowner as set forth above.

13. The Charter provides for arbitration in London, England, and Plaintiff has duly commenced arbitration in London against Defendant in accordance with the terms of the Charter. Pursuant to 9 U.S.C. § 8, Plaintiff reserves its right to arbitrate the merits of its claim against Defendant in those proceedings.

14. Interest, attorneys' fees, and arbitrators' fees are recoverable by the successful party in London arbitration. Plaintiff estimates that it will incur legal costs and arbitrators' fees in defending the clam by Headowner and in pursuing its claim against Defendant in the London arbitration in the sum of about GBP£125,000 (or **US$228,217.50**) to be added to the balance due and owing pursuant to the Charter.

15. The total sum for which Process of Maritime Attachment and Garnishment is requested is **US$2,881,741.73**.

16. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in New York.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and

Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of the Defendant, up to the amount of **US$2,881,741.73**, to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment on an arbitration award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, N. Y.
       May 15, 2006

                    Respectfully submitted,

                    HEALY & BAILLIE, LLP
                    Attorneys for Plaintiff
                    BOTTIGLIERI DI NAVIGAZIONE SPA

                    By: _____
                        Thomas H. Belknap, Jr. (TB 3188)
                        A Member of the Firm
                    61 Broadway
                    New York, New York 10006
                    (212) 943-3980

325957.1                       5

## VERIFICATION

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1. I am a member of the firm of Healy & Baillie, LLP, attorneys for the Plaintiff herein. I have read the foregoing complaint and know the contents thereof and that the same are true to the best of my information and belief.

2. The reason this verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is now within this district.

3. The sources of deponent's information and the grounds for my belief are documents furnished and statements made by representatives of said corporation.

_____
Thomas H. Belknap, Jr.

Subscribed and sworn to before me
this 15th day of May 2006.

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__

325957.1                         6

HEALY & BAILLIE, LLP
Attorneys for Plaintiff
BOTTIGLIERI DI NAVIGAZIONE SPA
61 Broadway
New York, New York 10006
(212) 943-3980
Thomas H. Belknap, Jr. (TB-3188)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOTTIGLIERI DI NAVIGAZIONE SPA<br><br>Plaintiff,<br><br>-against-<br><br>TRADELINE LLC,<br><br>Defendant. | Docket No.: 06 Civ.<br><br>**AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK        )
                                            )   ss:
COUNTY OF NEW YORK  )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Healy & Baillie, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant TRADELINE LLC, a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. The defendant is a party to a charter party with plaintiff for the ocean-going cargo vessel M/V KAVO DELFINI, on which Charter this claim is based, and on information and belief is a foreign corporation organized and existing under the laws of United Arab Emirates or another foreign nation, with its principal place of business in Dubai, United Arab Emirates.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, Yahoo Yellow Pages, and a general internet search.

4. In our search, we did locate a company named Tradeline LLC registered with the New York Secretary of State. According to that listing, however, the company listed is in Hamilton County which is not located within the Southern District of New York. (See Exhibit "A").

5. Moreover, further research strongly indicates that that company is totally unrelated to the Defendant in this action. In the first place, Defendant's website (www.tradelinellc.com) indicates that it has offices in Dubai, India and Iran but shows no listing for an office in New York. (See Exhibit "B").

6. Further, the mailing address listed in the Secretary of State record for forwarding of process is either out of date or inaccurate. Our office's research determined that the company at the listed address, 3432 Richmond Road, Staten Island, New York 10306, is a company called Tristar Tours. A telephone call to their office at (718) 987-3900 on May 10, 2006 revealed that the proprietor of that business has been at

that address since 1983 and that they had no knowledge of a company called Tradeline LLC.

7.  Our search of the Transportation Tickler, telephone directory assistance, and the internet white pages revealed no listing whatsoever for defendant within this district.

8.  In the circumstances, I believe the defendant cannot be found within this district.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
15th day of May, 2006

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__

326169.1                                3