# EXHIBIT D

597-06/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
SONITO SHIPPING COMPANY LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Fax: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

06 CV 15308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SONITO SHIPPING COMPANY LTD.,
          Plaintiff,

-against-

SUN UNITED MARITIME LTD.,

          Defendant.
------------------------------------------------------------x

06 CIV _____

**VERIFIED COMPLAINT**

    Plaintiff SONITO SHIPPING COMPANY LTD. ("SONITO SIPPING"), through its attorneys FREEHILL HOGAN & MAHAR, LLP, as and for Verified Complaint against Defendant SUN UNITED MARITIME LTD. ("SUN UNITED"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract by Defendant SUN UNITED. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Arbitration Act, 9 U.S.C. §1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

NYDOCS1/274514.1

2. At all times relevant hereto, SONITO SHIPPING was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office in Limassol, Cyprus.

3. At all times relevant hereto, Defendant SUN UNITED was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office at Trust Maritime Complex, Ajeltake Road, Majouro, Marshall Islands.

4. On October 26, 2004, SONITO SHIPPING, as owner, and SUN UNITED, as charterer, entered into a maritime contract of charter party on the New York Produce Exchange form for the use and operation of the M/V LAZOS, (the "charter party").

5. Pursuant to the terms of the charter party, the vessel was duly delivered by SONITO SHIPPING into the service of SUN UNITED and commenced performance.

6. During the performance of the charter party, on or about November 2004, while the M/V LAZOS was under the command of SUN UNITED, Defendant agreed to transport a shipment of long grain rice from India to Nigeria. At outturn, at the port of Harcourt, Nigeria, it was discovered that some of the cargo was slack, torn, caked, lost overboard and otherwise not delivered.

7. As a result of the damage to, and loss of, cargo, cargo receivers claimed against SONITO SHIPPING in the sum of $260,000, for which SUN UNITED is liable to SONITO SHIPPING under the terms and conditions of the October 26, 2004 charter party.

8. Because of the damage to, and loss of cargo, cargo receivers compelled SONITO SHIPPING to post security in the amount of $260,000 in the form of a Letter of Undertaking.

9. SONITO SHIPPING has made due demand for payment to SUN UNITED, but no payment has been received by Plaintiff. Defendant is thus in breach of its obligations under the terms of the subject charter by wrongfully refusing to pay the cargo receivers' claim.

10. SONITO SHIPPING has fulfilled all obligations required of it under the charter party.

11. The October 26, 2004 charter party calls for arbitration in England and application of English law. SONITO SHIPPING specifically reserves its rights to arbitrate the substantive matters at issue.

12. This action is brought in order to obtain security in favor of SONITO SHIPPING with respect to its claim against SUN UNITED. This action is further brought to obtain security for Plaintiff to cover its anticipated attorneys' fees, costs and interest, all of which are recoverable in London arbitration.

13. Upon information and belief, and after investigation, Defendant SUN UNITED MARITIME LTD. cannot be "found" within this District for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter "ASSETS"), including but not limited to ASSETS in its name as may be held, received or transferred for its benefit, moving through banking institutions including but not limited to ABN Amro Bank, American Express Bank Ltd., Bank of America, Bank of New York, Citibank, N.A., BNP Paribas, Deutsche Bank Trust Company Americas, HSBC & HSBC

Bank USA N.A., JP Morgan Chase & Co., Standard Chartered Bank, and Wachovia Bank, and/or other institutions or garnishees to be named.

14. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by SONITO SHIPPING against SUN UNITED includes:

(a) SONITO SHIPPING's claim for damage to and loss of cargo of $260,000;

(b) Interest in the amount of $32,888.07, calculated on the above sum at the rate of 6% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law;

(c) Legal fees, arbitrator fees and costs that will be incurred by SONITO SHIPPING in respect to the London arbitration which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $100,000.00

15. Based upon the foregoing, therefore, the sum total sought to be attached in this action is $392,888.07.

WHEREFORE, SONITO SHIPPING prays:

a. That process in due form of a law according to the practice of this Court issue against Defendant SUN UNITED MARITIME LTD. citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $260,000 plus interest, costs and attorneys' fees;

b. That if Defendant SUN UNITED MARITIME LTD. cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant SUN UNITED MARITIME LTD. up to and including the claim of $392,888.07 be restrained and attached, including, but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit, moving through, or within the possession, custody or control of banking institutions including but not limited to: ABN Amro Bank, American Express Bank Ltd., Bank of America, Bank of New York, Citibank, N.A., BNP Paribas, Deutsche Bank Trust Company Americas, HSBC & HSBC Bank USA N.A., JP Morgan Chase & Co., Standard Chartered Bank, and Wachovia Bank, and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served; and

    c.    That SONITO SHIPPING have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
December 19, 2006

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiff
                SONITO SHIPPING COMPANY LTD.

        By: _____
                Don P. Murnane, Jr., (DM 3639)
                Manuel A. Molina (MM 1017)
                80 Pine Street
                New York, NY  10005

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

DON P. MURNANE, JR., being duly sworn, deposes and says as follows:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff SONITO SHIPPING COMPANY LTD. in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Don P. Murnane, Jr.

Sworn to before me this
14th day of December 2006

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/274514.1                    7

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
SONITO SHIPPING COMPANY LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 fax
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

06 CV 15308

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SONITO SHIPPING COMPANY, LTD.,

           Plaintiff,

         -against -

SUN UNITED MARITIME LTD.,

           Defendant.
------------------------------------------------------------x

06 CIV _____ (    )

MOLINA AFFIDAVIT
PURSUANT TO RULE B(1)
AND IN SUPPORT OF
ORDER APPOINTING
PERSON TO SERVE
PROCESS PURSUANT TO
RULE 4(c) AND SCOPE OF
SERVICE

State of New York  )
                         ) ss.:
County of New York )

      MANUEL A. MOLINA, being duly sworn, deposes and says as follows:

      1.    I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and I am an attorney associated with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

      2.    This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-4, below) and in support of Plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 5-9, below).

      3.    Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant SUN UNITED MARITIME LTD. is a corporation or

other business entities that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

 (a) Deponent contacted the office of the New York Department of State, Division of Corporations on December 19, 2006, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that the Defendant is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

 (b) Deponent consulted with Directory Assistance for New York on December 19, 2006, for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

 (c) Deponent, on December 19, 2006, reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) and no listings were found for the Defendant;

 (d) Deponent accessed on December 19, 2006, through Microsoft Internet Explorer and Yahoo! Search engines the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

 (e) Deponent is unaware of any general or managing agent(s) within this District for the Defendant.

4. Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an

order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

5. Plaintiff also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing myself, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

6. Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendant.

7. To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respect of the garnishee(s).

8. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

9. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiff respectfully seeks leave, as embodied in the accompanying order, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served up through the next day, to authorize service by facsimile or email following an initial service of the process by hand, and to deem such facsimile or email service as being accomplished within this District if such service is transmitted or initiated from within the District.

_____
Manuel A. Molina

Sworn to before me this
19 day of December, 2006

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009