# EXHIBIT E

**JUDGE LYNCH**   06 CV 6309

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
NATS EMPEROR SHIPPING LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901

Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

RECEIVED
AUG 1 8 2006
U.S. ...
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NATS EMPEROR SHIPPING LTD.,                    06 CIV _____ ( )

        Plaintiff,                              **VERIFIED COMPLAINT**

        -against-

CARGO-LEVANT
SCHIFFAHRTSGESELLSCHAFT Mbh,

        Defendant.
-------------------------------------------------------x

      Plaintiff NATS EMPEROR SHIPPING LTD. ("NATS EMPEROR"), through its attorneys FREEHILL HOGAN & MAHAR, LLP, as and for its Verified Complaint against Defendant CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh ("CARGO-LEVANT"), alleges upon information and belief as follows:

      1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 in that it involves a claim for the breach of a maritime contract for the charter of a vessel by Defendant CARGO-LEVANT. Jurisdiction is also proper pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral

Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Arbitration Act, 9 U.S.C. §1 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times relevant hereto, NATS EMPEROR was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office at 43, Vas. Tsitsani Street, Glyfada, Athens, Greece.

3. At all times relevant hereto, Defendant CARGO-LEVANT was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office at ALTENWALL 25, 28195 Bremen, Germany.

4. On September 24, 2004, NATS EMPEROR, as owner, and CARGO-LEVANT, as charterer, entered into a maritime contract of charter party for the M/V NATS EMPEROR.

5. The NATS EMPEROR was delivered into the service of Defendant CARGO-LEVANT on September 26, 2004 at Rotterdam, Holland.

6. The vessel loaded full cargoes at the ports of Antwerp, Belgium and Hamburg, Germany for discharge at the ports of Bandar Abbas and Bandar Imam Khomeini (Iran), Karachi (Pakistan) and Mumbai (India). Loading and stowage of the cargoes at the loading ports were under the sole direction, supervision and responsibility of CARGO-LEVANT.

7. At the port of Antwerp, loading operations began on September 27 and were completed on September 30, 2004. CARGO-LEVANT loaded on deck, *inter alia*, pieces of machinery and one forklift truck. The total cargo loaded at Antwerp amounted to 13,423.1 M/T which exceeded the quantity of cargo expected to be loaded as indicated on the pre-stowage plan.

8. At the port of Hamburg, loading operations began on October 2 and were completed on October 6, 2004. CARGO-LEVANT loaded on deck, *inter alia*, various crane units on caterpillar tracks, pieces of earth moving equipment on wheels, two large steel reels, 20-

foot and 40-foot containers, hoppers, crane jibs, tanks, small silos and colli containers. The total cargo loaded at Antwerp amounted to 2,402 M/T which exceeded the quantity of cargo expected to be loaded as indicated on the pre-stowage plan. The combined total weight of the cargoes loaded at Antwerp and Hamburg amounted to 15,825 M/T.

9. The NATS EMPEROR sailed from Hamburg on October 6, 2004 bound for the discharge ports of Bandar Abbas, Bandar Imam Khomeini, Karachi and Mumbai.

10. On October 9, 2004, during its passage through the Bay of Biscay, Spain, the vessel encountered heavy weather, with winds from the Northeast at Beaufort force 9-10 and heavy swells. Despite the efforts of the officers and crew to keep the cargoes on deck safe, a substantial amount of that cargo was damaged or washed over the side.

11. The afore-mentioned cargo loss was caused by reason of CARGO-LEVANT's improper loading and stowage of the cargo in breach of the terms of the subject charter party.

12. The M/V NATS EMPEROR, upon instructions from CARGO-LEVANT, proceeded to the port of Brest, France to restow and relash the cargoes. The vessel arrived at that port on October 11, 2004.

13. At the port of Brest, an assessment of the loss and/or damage to cargo revealed that 9 deck cargo units had been lost overboard, with other units that remained on board also sustaining damage.

14. At the Port of Brest, restowing and relashing were performed at the direction and supervision of CARGO-LEVANT.

15. Passage resumed on October 18, 2004, and the vessel proceeded to the discharge ports in Iran.

16. In breach of the subject charter party, CARGO-LEVANT issued bills of lading to cargo receivers in Iran which falsely stated that cargoes would be carried under deck, as agreed, when in fact those cargoes were transported on deck.

17. As a result of the breaches of the subject charter party by CARGO-LEVANT, which resulted in the loss or damage of cargo, cargo interests have filed actions for said loss and/or damage in the courts of Iran, to wit,: (a) an action brought by Asia Insurance Company, as subrogated underwriters of cargo owner Tam Iran Khodro, seeking to recover from, *inter alia*, NATS EMPEROR the sum of €740,000.00 (or $949,072.22 at the exchange rate of 1Eur = 1.28253 USD); and (b) an action brought by Tam Iran Khodro, Asia Insurance Company's, assured, seeking to recover from, *inter alia*, NATS EMPEROR the sum of €800,000 (or $1,026,214.43 at the exchange rate of 1Eur = 1.28253 USD) for uninsured cargo losses.

18. As NATS EMPEROR has been named as a defendant in the foregoing actions, it has, and will, incur legal fees under Iranian law in the sum of €107,800 (or $138,256.73 at the exchange rate of 1Eur = 1.28253 USD).

19. NATS EMPEROR satisfied all its obligations under the charter party.

20. The September 24, 2004 charter party calls for arbitration in London and application of English law.

21. NATS EMPEROR commenced arbitration proceedings against CARGO-LEVANT, as per the terms of the subject charter party, in which both parties are being represented by counsel.

22. In the arbitration proceeding, which is ongoing, NATS EMPEROR has submitted claims against CARGO-LEVANT for indemnity for the cargo damage suits filed against NATS EMPEROR in the courts of Iran in the sums of €740,000.00 (or $949,072.22), on the basis of the

Asia Insurance Company action, and €800,000.00 (or $1,026,214.43), on the basis of the Tam Iran Khodro action, as well as the associated costs of defending those actions in the sum of $138,256.73.

23. This action is brought in order to obtain security in favor of NATS EMPEROR with respect to the indemnity claims NATS EMPEROR has brought against CARGO-LEVANT in the London arbitration proceedings. This action is further brought to obtain security for any additional sums to cover NATS EMPEROR's attorneys' fees and costs (plus interest) in the arbitration proceedings, all of which are recoverable under English law.

24. Upon information and belief, and after investigation, Defendant CARGO-LEVANT cannot be "found" within this District for purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, hire, of, belonging to, due or for the benefit of Defendant CARGO-LEVANT (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro Bank, American Express Bank Ltd., Bank of America, Bank of New York, Citibank, N.A., BNP Paribas, Deutsche Bank Trust Company Americas, Dresdner Kleinwort Wasserstein Services LLC /Dresdner Bank AG, JP Morgan Chase & Co., KBC Bank N.V., Standard Chartered Bank, and Wachovia Bank, and/or other institutions or such other garnishees to be named.

17. The total amount of NATS EMPEROR's claim sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by NATS EMPEROR against CARGO-LEVANT includes:

a. Cargo claims faced by NATS EMPEROR in the two Iranian legal proceedings in the sums of €740,000.00 (or $949,072.22) and €800,000.00 (or $1,026,214.43);

b. Legal fees being incurred by NATS EMPEROR in respect to the two actions filed against NATS EMPEROR in the Courts of Iran in the sum of $138,256.73;

c. Interest in the amount of $403,720.62 calculated on the above sums at the rate of 6% per annum for three years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law;

d. Legal fees, arbitrator fees and costs being incurred by NATS EMPEROR in respect to the London arbitration which are recoverable pursuant to English law, and which are estimated to be in the sum of £200,000 (or $375,923.68 at the exchange rate of 1GBP = 1.87962USD).

For a total claim amount sought to be attached of **$2,893,187.78**.

**W H E R E F O R E,** NATS EMPEROR prays:

(1) That process in due form of a law according to the practice of this Court issue against Defendant CARGO-LEVANT, citing it to appear and answer the foregoing, failing which a default will be taken against it for the

principal amount of the claim of $2,113,543.48, plus interest and attorneys' fees;

(2) That if Defendant CARGO-LEVANT cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant CARGO-LEVANT, up to and including the claim of $2,893,187.78 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, of, belonging to, due or being transferred from or for the benefit of Defendant CARGO-LEVANT (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to ABN Amro Bank, American Express Bank Ltd., Bank of America, Bank of New York, Citibank, N.A., BNP Paribas, Deutsche Bank Trust Company Americas, Dresdner Kleinwort Wasserstein Services LLC /Dresdner Bank AG, JP Morgan Chase & Co., KBC Bank N.V., Standard Chartered Bank, and Wachovia Bank, and/or other institutions or such other garnishees to be named;

(3) That NATS EMPEROR have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
August 18, 2006

                                  FREEHILL HOGAN & MAHAR, LLP
                                  Attorneys for Plaintiff
                                  NATS EMPEROR SHIPPING CO. LTD.

By: _____
     Michael E. Unger (MU0045)
     Manuel A. Molina (MM 1017)

80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

Michael E. Unger, being duly sworn, deposes and says as follows:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff, NATS EMPEROR SHIPPING CO. LTD. in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
18th day of August 2006

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2006

NYDOCS1/267161.1                        9

JUDGE LYNCH

06 CV 6309

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
NATS EMPEROR SHIPPING LTD.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Fax: (212) 425-1900
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NATS EMPEROR SHIPPING LTD.,

          Plaintiff,

    -against-

CARGO-LEVANT
SCHIFFARHTSGESELLSCHAFT Mbh,

          Defendant.
------------------------------------------------------------x

06 CIV _____ (    )

**MOLINA AFFIDAVIT**
**PURSUANT TO RULE B(1)**

State of New York    )
                    ) ss.:
County of New York )

    MANUEL A. MOLINA, being duly sworn, deposes and says as follows:

    1.    I am associated with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiffs herein.

    2.    This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure.

    3.    Deponent has made an investigation and deponent believes that based upon the results of this investigation, the Defendant is a corporation or other business entity which cannot be "found" within this District for the purpose of an attachment

under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on August 17, 2006, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for a corporations named "CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh" and the search result indicated that CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh is not a New York corporation, nor is it licensed, authorized or registered to do business in the State of New York as either a domestic or international corporation;

(b) Deponent consulted with Directory Assistance for New York on August 17, 2006 for area codes (212), (718), (917), (646), (914), and (845) and no listing for CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh was located;

(c) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2006 Edition (Vol. 1 New York Metropolitan Area) on August 17, 2006 and no listing was found for CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh;

(d) Deponent accessed on August 17, 2006, through Microsoft Internet Explorer and Yahoo! Search engines the yellow pages telephone directory database and found no listing in that database for any office or agent of CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh in the State of New York;

(e) Deponent accessed on August 17, 2006, through Microsoft Internet Explorer and Yahoo! Search engines the website for the Defendant "CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh" at http://www.cargo-levant.de and found no listing in that website for any office or agent of Defendant in the State of New York.

(e) Deponent is unaware of any general or managing agent(s) within this District for CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh.

4. Based upon the foregoing, your deponent submits that Defendant CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh. cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against the tangible and intangible property of CARGO-LEVANT SCHIFFAHRTSGESELLSCHAFT Mbh as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

MANUEL A. MOLINA (MM 1017)

Sworn to before me this
18th day of August 2006

Notary Public
HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2008

NYDOCS1/267129.1                                3