LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
GREAT EASTERN SHIPPING CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREAT EASTERN SHIPPING CO. LTD.,                          **ECF CASE**

                        Plaintiff,

  - against -                                              07 Civ. 8373 (DLC)

PHOENIX SHIPPING CORPORATION
and PHOENIX SHIPPING PTY LTD.,

                       Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR RECONSIDERATION

Plaintiff Great Eastern Shipping Co. Ltd. ("Great Eastern"), by and through its attorneys, Lyons & Flood, LLP, respectfully moves this Honorable Court, pursuant to Local Civil Rule 6.3, for reconsideration of the Court's December 4, 2007, Memorandum Opinion & Order ("Order"). (A copy of the Court's Order is attached as Exhibit A.)

On December 4, 2007, the Court issued the following Order:

> ORDERED that Kirk M. Lyons, Jon Weber, and all members of the law firm Lyons & Flood, LLP, shall, in cases where the parties are governed by the Inter-Club New York Produce Exchange Agreement of 1996 and the law of England, in any application for ex parte relief based on a contingent indemnity claim, bring to the court's attention the split of authorities in the Southern District of New York concerning the viability of plaintiff's application for maritime attachment.

For the following reasons, Great Eastern respectfully requests the Court to re-

issue an Order that (a) limits the scope of the Order to the undersigned, Kirk M. Lyons, and (b) deletes reference in the Order to Jon Weber[1] and "all members of the law firm of Lyons & Flood, LLP."

I respectfully request that reference to Jon Werner be deleted from the Order for two basic reasons: (a) Mr. Werner attended the hearing on October 17, 2007, only because the undersigned was traveling to South Carolina that day and, therefore, I could not attend the hearing personally. (b) Mr. Werner did not prepare the Verified Complaint or Amended Verified Complaint and did not prepare any of the other papers filed or submitted to the Court in this action. These documents were prepared by the undersigned. Thus, I submit the only attorney at the firm who violated his "ethical duties" was the undersigned.

Moreover, Mr. Werner is a young associate at the firm and the Order will follow him for the rest of his legal career. In circumstances where his only involvement in connection with the *ex parte* relief sought was to attend an emergency hearing[2] because the undersigned was out of the office, I respectfully submit that the foregoing Order is too harsh on Mr. Werner.

I also request that the Order be amended and re-issued to delete reference to "all members of the law firm Lyons & Flood, LLP." There are two members of the law firm Lyons & Flood, LLP – the undersigned and Edward P. Flood. As with Mr. Werner, Mr. Flood had no involvement with this action in any capacity. For that reason, I respectfully submit that the foregoing Order is too harsh on Mr. Flood as well as it will potentially affect him throughout his legal career.

---

[1] His actual name is Jon Werner.
[2] Defendants filed their papers in support of the Motion to Vacate the attachment on the morning of October 17 and the hearing took place in the afternoon of October 17.

Obviously, our intent is not to circumvent the Court's Order, which is clearly understood and will be followed. We have in fact instituted a new firm policy that will follow the Court's Order in future actions seeking *ex parte* relief under Rule B. Rather, I strongly believe that my partner, Mr. Flood, and associate, Mr. Werner, should not suffer the consequences of a violation of my "ethical duties."

WHEREFORE, Great Eastern respectfully requests the Court to re-issue an Order that (a) limits the scope of the Order to the undersigned, Kirk M. Lyons, and (b) deletes reference in the Order to Jon Werner and "all members of the law firm of Lyons & Flood, LLP."

Dated: December 10, 2007

> LYONS & FLOOD, LLP
> Attorneys for Plaintiff
> GREAT EASTERN SHIPPING CO. LTD.
>
> By: _____
> Kirk M. Lyons (KL-1568)
> 65 West 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

U:\kmhldocs\2563036\Motions\memo in support of motion for reconsideration.DOC

## CERTIFICATE OF SERVICE

Kirk M. Lyons, an attorney duly admitted to practice before this Honorable Court, affirms on this 10th day of December 2007, I served true copies of the foregoing, by U.S. Mail, first-class postage pre-paid, to:

Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005

Attn.: Michael E. Unger, Esq.

_____
Kirk M. Lyons

U:\kmhldocs\2563036\Motions\memo in support of motion for reconsideration.DOC